JUSTICE TRIEWEILER
specially concurring.
¶33 I concur with the majority’s conclusion that defendant Joseph V. Maronick is entitled to judicial immunity from liability for the acts complained of by the plaintiff, Robert G. Steele. However, I disagree that judicial or quasi-judicial immunity applies to defendant Daniel R McGregor who was merely a state attorney acting in a non-judicial, adversarial capacity when he moved to have Robert B. Steele disqualified from representing Neville Log Homes.
¶34 I do, however, specially concur with the result of the majority opinion. I conclude that McGregor was entitled to qualified immunity pursuant to Harlow v. Fitzgerald (1982), 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396. In this case, based on rules of this Court pertaining to unauthorized practice of law, and based on advice from the Commission on the Unauthorized Practice of Law, McGregor could reasonably assume there was an ethical basis for challenging Steele’s representation, even though other non-lawyers had been permitted to represent clients in the same proceedings in the past. Pursuant to Harlow, government employees are “shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.” Harlow, 457 U.S. at 818, 102 S.Ct. at 2738. I conclude that the allegations in this case are insufficient under the circumstances in this case to establish that McGregor violated clearly established statutory or constitutional rights about which a reasonable person would have known.
¶35 For these reasons, I would affirm the judgment of the District Court, and specially concur with the majority opinion.